NORTHERN PAC. RY. CO. v. VIDAL.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1911.)

No. 3,410.

1. RAILROADS (§ 350*)—ACCIDENT AT CROSSING—ACTION FOR INJURY—QUESTIONS FOR JURY.

   Evidence considered in an action against a railroad company to recover for an injury to plaintiff, received while she was crossing defendant's tracks at a street crossing in an automobile, which was struck by cars being switched, and *held* to warrant the submission of the case to the jury.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1152; Dec. Dig. § 350.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. RAILROADS (§ 345*) — ACTION FOR INJURY AT CROSSING — CONTRIBUTORY NEGLIGENCE.

Where plaintiff, in an action to recover for an injury received when she jumped or was thrown from an automobile, which was struck by a car on a railroad crossing, did not allege whether she jumped or was thrown out, she was not confined to proof that she was thrown, but was entitled to recover in either case, on proof of defendant's negligence, provided she acted as a reasonable and prudent person would under the circumstances.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1113–1116; Dec. Dig. § 345.*]

In Error to the Circuit Court of the United States for the District of North Dakota.

Action at law by Grace H. Vidal against the Northern Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Aubrey Lawrence (C. W. Bunn and Ball, Watson, Young & Lawrence, on the brief), for plaintiff in error.

Seth Richardson (Barnett & Richardson, on the brief), for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. Grace H. Vidal recovered a judgment against the Northern Pacific Railway Company for injuries sustained in an accident at a crossing, and the latter prosecuted this writ of error.

The errors assigned on the denial by the trial court of defendant's motions for a directed verdict at the close of plaintiff's case, for a judgment in its favor notwithstanding the verdict, and for a new trial, are disposed of by familiar rules of practice, which need not be stated.

The denial by the trial court of defendant's motion for a directed verdict at the close of all the evidence challenges its sufficiency to sustain the verdict. There was substantial evidence of the following facts: The plaintiff was riding on a public street in Fargo, N. D., in an automobile owned and driven by her husband. She and two friends were on the rear seat. Another sat with her husband in front. As they approached the crossing an engine pushing some freight cars was moving on the railroad track towards the street. A switchman came around the end of the nearest car and called to them to stop. They did so, close to the track. At that time the engine and cars had stopped; the nearest car being about the middle of the street. The switchman then called for the vehicle to proceed, and when it was on the track there was a collision with the cars, which again moved up. The plaintiff jumped or was thrown out, and was injured. It is not denied that there was direct and positive proof of these facts by plaintiff's witnesses; but it is insisted that their accounts are improbable and incredible.

We do not think the testimony is incredible, nor improbable, when regarded by itself and with the surrounding conditions. Its proba-

bility, when measured with the conflicting testimony of witnesses for the defendant, was certainly a question for the jury; and it would open up a forbidden field if we should review their decision and decide the case according to our own notions. That there should be some inconsistencies in the testimony of the witnesses is quite natural; but they were not of controlling importance, and were in part doubtless due to the confusion attending the accident. Again, statements of distance and speed of moving objects by persons inexperienced in judging of such matters are not always to be taken as exact. If a number of average persons affected with the excitement of a collision should afterwards agree precisely upon such details, it would at least suggest rehearsal.

The plaintiff, who sat at the end of the rear seat farthest away from the cars, testified that she was preparing to jump, and that when the collision occurred she was thrown out quite a distance. It is argued that this is contrary to well-known natural laws, because the impact would have caused her to fall backward into the vehicle. That does not follow; for if, in preparing to jump, her body was inclined in the direction of the applied force, she may have been thrown forward and out.

Complaint is made that the court charged in substance that it was immaterial that plaintiff jumped, instead of being thrown out, if in a time of supposed imminent danger she acted as a reasonable and prudent person would under like circumstances. It is not alleged in her complaint whether she jumped or was thrown out, and her case does not depend on its being one or the other, save as she may be bound by her testimony. A party may ordinarily be so bound; but we think the plaintiff should not be held to the nice estimate and analysis to which her testimony is subjected. The important fact is there was a collision, and she alighted on the ground violently and was injured. If defendant was negligent and she was not, its liability did not depend upon just how she got out of the vehicle. The jury may well have believed that her movement was in part voluntary and in part the result of force, and that her condition of mind at the time was such that she did not accurately comprehend what she did. At any rate, the rights of the defendant were carefully safeguarded by the instructions, the jury found for the plaintiff on the essential issues, and their finding was supported by substantial evidence.

Complaint is made of the denial of a request for an instruction which contains the proposition that there could be no recovery unless the driver of the vehicle had "reached a conclusion to stop and not cross the track," and thereafter changed it because of the direction of the switchman. The driver need have formed no conclusion on approaching the crossing, save, as is frequently the case, that of adapting his course to developments as they arose before getting in a place of danger. If then he relied on the direction of the switchman, as a reasonable and prudent man would have done, it was sufficient.

The judgment is affirmed.